NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0215n.06
Filed: March 23, 2007

No. 05-4650

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ELIZABETH BALDWIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNUM LIFE INSURANCE COMPANY | ) | SOUTHERN DISTRICT OF OHIO |
| OF AMERICA, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and ROGERS, Circuit Judges, and OBERDORFER,[*] District Judge.

**PER CURIAM.** In this ERISA action, plaintiff Elizabeth Baldwin appeals from the district court's order granting judgment on the administrative record in favor of defendant Unum Life Insurance Company, the plan administrator of the benefits program that covered the plaintiff in her employment as a registered nurse at a county hospital. Baldwin's sole claim on appeal is that Unum acted arbitrarily and capriciously in denying her long-term disability benefits without subjecting late-submitted medical evidence to review during her second administrative appeal from the plan administrator's decision to deny benefits. For the reasons set out below, we conclude that the district court was correct in determining

_____

[*]The Hon. Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

that the plan administrator did not act arbitrarily and capriciously in denying benefits to the plaintiff.

The record reflects that in early February 2000, Baldwin exacerbated a pre-existing neck injury while at work and was granted disability benefits based on a determination that, in the terms of the hospital's disability benefits plan, she was "limited from performing the material and substantial duties of [her] regular occupation due to [her] sickness or injury," which was the standard applicable during the first 36-month period of disability. In August 2002, before that initial period ended, Unum determined from continuing medical reports that the plaintiff was capable of resuming her regular work and terminated her benefits. Baldwin appealed, submitting additional medical evidence. After a May 2003 vocational reassessment of the level of physical exertion required by her nursing duties, Unum reversed its initial decision and retroactively awarded benefits for the full 36 months. However, when that period ended on February 1, 2003, the plan's disability standard changed, requiring the plaintiff to show that she was "unable to perform the duties of any gainful occupation for which [she was] reasonably fitted by education, training or experience" in order to continue to receive disability benefits. Based on medical reports and vocational tests indicating that Baldwin was capable of undertaking a number of appropriate sedentary jobs, Unum again terminated Baldwin's benefits, notifying her of this decision in a letter dated May 16, 2003.

The letter mentioned that the plan administrator's determination was based on,

among other things, medical information that Baldwin had submitted on February 26, 2003, even though it was received after the deadline set by Unum with regard to the second appeal. The letter did not mention additional information that was received on April 23, April 24, and May 8. The plaintiff sued, claiming that Unum "acted arbitrarily and capriciously in interpreting the Plan, in evaluating the medical evidence, and [in] disregarding the opinions of Plaintiff's physicians." More specifically, she now contends that Unum failed to "review all relevant medical evidence in its possession prior to rendering its final decision to terminate long term disability benefits." Unum, on the other hand, defended its decision as rational in light of the applicable plan provisions and the information in the record before it at the time. The district court agreed with the defendant, concluding that Unum had "used a deliberate principled reasoning process" and that decisions made by the company's on-site physician "were rationally based upon the medical evidence before him."

With regard to the medical information supplied by Baldwin in April and May, the district court found that it included "physical therapy notes for the period March 17, 2003, to April 4, 2003, results of her 4/24/03 myelogram and post-myelogram CT and Dr. Cole's 5/2/03 office note." The district court observed, first, that Baldwin was "entitled to benefits [only] if she was incapable of performing 'any gainful occupation' at the time her benefits were denied" on February 2, 2003, and held that the information in question was irrelevant because it "relate[d] to an irrelevant time period" occurring after February 2, 2003. Second, the district court held that the post-February 2 information "d[id] not support Baldwin's

arguments" that she was incapable of performing any gainful occupation at the time they were prepared, because the report from the myelogram and CT indicated that "the current spine problem is basically stable and unchanged since its onset" and the physical therapy summary "indicate[d], at best, that Baldwin was experiencing pain due to her neck but that there was 'no (change) in symptoms.'" Finally, the district court held that the new information "was submitted too late to be considered."

Taking issue at oral argument with this last rationale, the plaintiff contended that the plan administrator had engaged in "cherry-picking," a practice that we condemned in *Glenn v. Metropolitan Life Insurance Co.*, 461 F.3d 660, 672-73 (6th Cir. 2006). In *Glenn*, however, the plan administrator had ignored virtually all of the medical evidence timely submitted by the plaintiff, instead focusing almost exclusively on what we described as an aberration in a check-off form supplied by her treating physician. Here, the worst that can be said about Unum's consideration of the post-deadline information submitted by Baldwin is that the final determination included a review of materials received by fax on February 26, a few days after the February 22 deadline, but did not mention information received six weeks or more after that date, at a time when Unum's final review was already underway. This strikes us as an example of reasonable line-drawing rather than inappropriate "cherry-picking."

We conclude that the district court, relying upon *Killian v. Healthsource Provident Administrators, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998), correctly found that Unum engaged

in a deliberative, principled reasoning process in denying Baldwin's claim for long-term disability benefits beyond the initial 36-month period provided under her employer's welfare benefits plan.  The district court was also correct in concluding, as a result, that the plan administrator did not act arbitrarily and capriciously in reaching that determination.

For this reason, we AFFIRM the judgment of the district court, based on the findings of fact and legal analysis reflected in its order entered on November 7, 2005.